UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE DASILVA,

                         Plaintiff,                    **ANSWER**

     -against-

                                                     08CV3055
53rd STREET & MADISON TOWER                   (JSR)
DEVELOPMENT, LLC, MADISON TOWER
DEVELOPMENT, LLC AND TISHMAN
CONSTRUCTION CORPORATION,

                        Defendants.
------------------------------------------------------------------X

       The defendants, **53rd STREET & MADISON TOWER DEVELOPMENT LLC i/s/h/a 53rd STREET & MADISON TOWER DEVELOPMENT, LLC and MADISON TOWER DEVELOPMENT, LLC and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK i/s/h/a TISHMAN CONSTRUCTION CORPORATION**, by their attorneys, The Law Offices of Edward Garfinkel, as and for an answer to the complaint of the plaintiff(s) herein, respectfully alleges upon information and belief:

    **1.**    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **1 and 10** of the complaint.

    **2.**    Denies paragraphs **3, 7, 12, 13 and 14** of the complaint.

    **3.**    Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraphs **9 and 11** of the complaint and respectfully refers all questions of law to the court.

    **4.**    Denies paragraphs **5, 15 and 16** of the complaint and respectfully refers all questions of law to the court.

**5.** Denies each and every allegation set forth in paragraph **2** of the complaint except admits that 53rd Street and Madison Tower Development, LLC is a foreign limited liability company authorized to do business in the State of New York having its principal executive office c/o Macklowe Properties, 142 West 57th Street, New York, New York 10019.

**6.** Denies each and every allegation set forth in paragraph **4** of the complaint except admits that the defendant Tishman Construction Corporation of New York is a foreign business corporation having its principal executive office at 666 Fifth Avenue, New York, New York 10103.

**7.** Denies each and every allegation set forth in paragraph 8 of the complaint except admits that Tishman was acting was acting as a construction manager at the premises.

**8.** Denies knowledge or information sufficient to form a belief as to the allegations contained in paragraph **6** of the complaint but admits that 53rd Street and Madison Tower Development LLC owned the premises known as 510 Madison Avenue.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

That the injuries and damages to the plaintiff were caused in whole or in part or were contributed to by the culpable conduct and want of care on the part of the plaintiff and any such alleged damages should be fully or partially diminished by said culpable conduct and want of care pursuant to CPLR Article 14-A.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

That the plaintiff received remuneration and/or compensation for some or all of his claimed economic loss and that the defendant is entitled to have plaintiff's award, if any, reduced by the amount of that remuneration and/or compensation, pursuant to Section 4545(c) of the Civil Practice Law and Rules and the Federal Rules of Civil Procedure.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

That the liability of the defendants, 53rd STREET & MADISON TOWER DEVELOPMENT LLC i/s/h/a 53rd STREET & MADISON TOWER DEVELOPMENT, LLC and MADISON TOWER DEVELOPMENT, LLC and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK i/s/h/a TISHMAN CONSTRUCTION CORPORATION, if any, does not exceed fifty percent (50%) of the liability assigned to all persons and that the liability of the defendants, 53rd STREET & MADISON TOWER DEVELOPMENT LLC i/s/h/a 53rd STREET & MADISON TOWER DEVELOPMENT, LLC and MADISON TOWER DEVELOPMENT, LLC and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK i/s/h/a TISHMAN CONSTRUCTION CORPORATION, if any, for non-economic loss is limited pursuant to Article 16 of the CPLR.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

That the plaintiff failed to mitigate plaintiff's damages.

WHEREFORE, the defendants, **53rd STREET & MADISON TOWER DEVELOPMENT LLC i/s/h/a 53rd STREET & MADISON TOWER DEVELOPMENT, LLC and MADISON TOWER DEVELOPMENT, LLC and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK i/s/h/a TISHMAN CONSTRUCTION CORPORATION**, demands judgment dismissing the Complaint and further demands judgment over and against the plaintiff, for the amount of any judgment obtained against this defendants, **53rd STREET & MADISON TOWER DEVELOPMENT LLC i/s/h/a 53rd STREET & MADISON TOWER DEVELOPMENT, LLC and MADISON TOWER DEVELOPMENT, LLC and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK i/s/h/a TISHMAN CONSTRUCTION CORPORATION**, by the plaintiff or on the basis of

apportionment of responsibility in such amounts as a jury or Court may direct together with costs, disbursements, and expenses of this action including attorneys' fees.

Dated: New York, New York
       June 13, 2008

    Yours etc.,
The Law Offices of Edward Garfinkel
Attorneys for Defendants,
53rd STREET & MADISON TOWER DEVELOPMENT LLC i/s/h/a 53rd STREET & MADISON TOWER DEVELOPMENT, LLC and MADISON TOWER DEVELOPMENT, LLC and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK i/s/h/a TISHMAN CONSTRUCTION CORPORATION

By: _____
    Michael J. Pearsall (9606 MJP)
110 William Street
New York, New York 10038-3901
(212) 809-8000
Our File # NYNY 27477

TO:

Ginarte O'Dwyer Gonzalez & Winograd LLP
Attorney for Plaintiff
225 Broadway, 13th Floor
New York, New York  10007
(212) 601-9700

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE DASILVA,

                Plaintiff,

                                                          08CV3055
      -against-                                       (JSR)

53rd STREET & MADISON TOWER
DEVELOPMENT, LLC, MADISON TOWER
DEVELOPMENT, LLC AND TISHMAN
CONSTRUCTION CORPORATION,

                Defendants.
------------------------------------------------------------------X

## INTERROGATORIES

**PLEASE TAKE NOTICE** that these interrogatories shall be deemed continuing so as to require supplemental answers if additional information is obtained of character called for by the interrogatories herein between the time the answers are served and the time of trial.

1. The plaintiff's present residence address.
2. The exact date and approximate time of day of the occurrence.
3. The approximate location of the happening of the occurrence in sufficient detail so as to permit accurate identification.
4. A precise statement of all acts or omissions constituting the negligence claimed.
5. State how it is claimed the accident occurred.
6. Whether actual or constructive notice is claimed.
7. If actual notice is claimed, then set forth following:
    (a) The names of the employees, agents and/or servants of the defendant to whom it will be alleged said actual notice was given.
    (b) By whom will it be claimed that said actual notice was given on each occasion aforesaid.
    (c) The date or dates of each said notice.
    (d) The place said actual notice was given.
8. If constructive notice is claimed, the length of time said condition is alleged to have existed prior to the happening of the alleged occurrence.
9. A statement of the injuries and those claimed to be permanent in nature.

10. Set forth the length of time it is alleged the plaintiff(s) was confined to:

   (a) Hospital(s),
   (b) Bed,
   (c) House.

11. Set forth:

   (a) Occupation of plaintiff(s) at time of occurrence,
   (b) Name and address of employer,
   (c) Average weekly gross earnings;
   (d) Length of time totally and/or partially disabled, stated separately.

12. Total amounts claimed as special damages for:

   (a) Physician's services,
   (b) Medical supplies,
   (c) Loss of earnings,
   (d) X-rays,
   (e) Hospital expenses,
   (f) Nurses' services,
   (g) All other special damages.

In the event that any of the foregoing elements of damages have been repaid to the plaintiff(s) or otherwise paid for by other sources, identify each type of service recompensed, the source or sources of such recompense, the amount so paid and the net amount of out of pocket expenses sustained by the plaintiff(s)

13. The date(s) of birth and social security number(s) of the plaintiff(s).

14. Set forth by Chapter, Article, Section and Paragraph each and every statute or ordinance, if any, which it is claimed the defendant violated.

15. If the complaint alleges loss of services, set forth the precuniary loss, if any, alleged in the complaint. Enumerate the damages for:

   (a) Loss of services,
   (b) Consortium,
   (c) Medical expenses, and
   (d) Other expenses

PLEASE TAKE FURTHER NOTICE, that in the event of plaintiff's failure to comply with the foregoing demand within twenty (20) days, the defendant will move to preclude the offering of any evidence as to the matters herein demanded, together with the costs of such application.

Dated: New York, New York
       June 13, 2008

                Yours etc.,
                The Law Offices of Edward Garfinkel
                Attorneys for Defendants,
                53rd STREET & MADISON TOWER DEVELOPMENT LLC i/s/h/a 53rd STREET & MADISON TOWER DEVELOPMENT, LLC and MADISON TOWER DEVELOPMENT, LLC and TISHMAN CONSTRUCTION CORPORATION OF NEW YORK i/s/h/a TISHMAN CONSTRUCTION CORPORATION

                By: _____
                     Michael J. Pearsall (9606 MJP)
                110 William Street
                New York, New York 10038-3901
                (212) 809-8000
                Our File # NYNY 27477

TO:

Ginarte O'Dwyer Gonzalez & Winograd LLP
Attorney for Plaintiff
225 Broadway, 13th Floor
New York, New York  10007
(212) 601-9700